**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lonnie L. MARTIN, Defendant–**
**Appellant.**

No. 94–3841.

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1995.

Decided Aug. 4, 1995.

Rehearing and Suggestion for
Rehearing En Banc Denied
Oct. 6, 1995.

C. Christopher Lozano, St. Louis, MO, argued, for appellant.

Michael A. Price, Cape Girardeau, MO, argued (Edward L. Dowd, Jr., as U.S. Atty., on the brief), for appellee.

Before BOWMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Lonnie L. Martin appeals his conviction by a jury on two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He received a sentence of two 57–month terms of imprisonment to be served concurrently (followed by two years of supervised release), a fine of $10,-000, and a special assessment of $100. On appeal, Martin challenges the vitality of the predicate felony convictions, the propriety of the jury instructions, the district court's [1] denial of his motion in limine seeking leave to present a so-called justification defense, and the effectiveness of his trial counsel. We affirm.

## I.

At all times relevant to this appeal, Lonnie L. Martin was a Missouri resident with two previous criminal convictions in that state. The first was in 1961 for burglary; the second was in 1979 for assault with intent to do great bodily harm without malice aforethought. Each of these crimes was punishable under Missouri law by imprisonment for a term exceeding one year, and the government introduced evidence of these convictions in its case in chief. In 1993, the federal government obtained search warrants and twice raided Martin's home. The raid of April 6, 1993, resulted in the seizure of eight firearms; that of November 4, 1993, resulted in the seizure of three firearms.

Under 18 U.S.C. § 922(g) and 18 U.S.C. § 921(a)(20), it is unlawful for anyone who has been convicted "in any court of a crime punishable by imprisonment for a term exceeding one year" to possess any firearm (with exceptions not here relevant) unless his civil rights have been restored, he has been pardoned, or his conviction has been expunged or set aside. Martin argues vigorously that his 1961 burglary conviction cannot be used as a predicate for conviction of the federal offense because under Missouri

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Western and Eastern Districts of Missouri.

law he was entitled to "be restored to all the rights of citizenship" if he satisfied certain conditions and obtained "a certificate to that effect from the board of probation and parole." Mo.Rev.Stat. § 216.355(2) (1959). He maintains that it is part of the government's burden to prove that he did not obtain such a certificate in order for the burglary conviction to serve as a basis for a federal offense.

It is true that if such a certificate was issued, Martin's burglary conviction could not have served as a basis for his conviction under the federal statute. But we doubt very much that it is the government's duty to prove that no such certificate was issued. In the first place, proving a negative is notoriously difficult: perhaps the certificate was issued but not properly filed and recorded; perhaps it was lost or destroyed. More importantly, the question of whether a certificate was issued is a matter that lies peculiarly in the knowledge of the defendant, and we think therefore that it would probably make more sense to put an affirmative burden on him to show the issuance of such a certificate if he wishes to take advantage of it.

No doubt there are other considerations that could be brought to bear if it were necessary to decide this issue, but it is not, since Martin's 1979 assault conviction furnishes a sufficient predicate for his convictions in this case. That is because Mo.Rev. Stat. § 216.355(2) (1959), on which Martin relied in trying to undermine the viability of his 1961 burglary conviction, applies only to first convictions. (Besides, it was repealed before he would have become eligible to benefit from it with respect to his assault conviction.) He seems to argue, nevertheless, that this conviction, even if still viable, would not prohibit him from possessing firearms under Missouri law, and thus it was error to use it as a basis for his conviction in this case. Even if this argument were good in the abstract, *see Thompson v. United States,* 989 F.2d 269 (8th Cir.1993), *but see Presley v. United States,* 851 F.2d 1052 (8th Cir.1988), it is unavailing to Martin. Under Missouri law, no person "convicted of a dangerous felony" may possess a concealable firearm, Mo.Rev.Stat. § 571.070 (1995), and at the time of Martin's assault conviction any felony

assault qualified as a dangerous felony. Mo. Rev.Stat. § 556.061(8) (1979). Martin argues that currently his conviction for assault would be classified as "assault in the second degree," *see* Mo.Rev.Stat. § 565.050 (comment to 1973 proposed code) and § 565.060, and that the most recent definition of "dangerous felony" includes only "assault in the first degree" within it. Mo.Rev.Stat. § 556.061(8) (1994). That revision, however, did not take effect until after Martin's conviction in this case.

■ Martin was thus ineligible to possess firearms under Missouri law and we therefore find the evidence sufficient to support his convictions. For the same reason, the trial court did not err in its instructions to the jury on the elements of the offenses with which Martin was charged.

**II.**

Although the Eighth Circuit has not ever actually recognized a so-called justification defense to 18 U.S.C. § 922(g)(1), *see United States v. Stover,* 822 F.2d 48, 50 (8th Cir. 1987), Martin argues that the district court erred in denying his request to present evidence regarding the elements of this defense to the jury.

The rationale underlying the justification defense was outlined in *United States v. Panter,* 688 F.2d 268, 271 (5th Cir.1982), which cited *United States v. Bailey,* 444 U.S. 394, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980) for the proposition that "we must be mindful that 'Congress in enacting criminal statutes legislates against a background of Anglo–Saxon common law....'" *Id.* at 415 n. 11, 100 S.Ct. at 637 n. 11. The Fifth Circuit noted that this background includes a right of self-defense, and went on to conclude that "[w]e do not believe that Congress intended to make ex-felons helpless targets for assassins." *Panter,* 688 F.2d at 271. *See also United States v. Agard,* 605 F.2d 665 (2nd Cir.1979); *United States v. Singleton,* 902 F.2d 471 (6th Cir.), *cert. denied,* 498 U.S. 872, 111 S.Ct. 196, 112 L.Ed.2d 158 (1990).

■■ According to the courts that have recognized this kind of defense, in order to

establish it a defendant must demonstrate the following:

 (1) that defendant was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury;

 (2) that defendant had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to choose the criminal conduct;

 (3) that the defendant had no reasonable, legal alternative to violating the law, a chance both to refuse to do the criminal act and also to avoid the threatened harm; and

 (4) that a direct causal relationship may be reasonably anticipated between the criminal action taken and the avoidance of the threatened harm.

*Stover*, 822 F.2d at 50 n. 3, *citing United States v. Gant*, 691 F.2d 1159, 1162–63 (5th Cir.1982). After reviewing Martin's description of the evidence that he wished to present to the jury, we agree with the district court's conclusion that Martin would have been unable to establish all the predicates set forth in *Gant*, and in particular that Martin could not show that he did not have reasonable, legal alternatives to the possession of firearms in his home. He could, for example, have sought the immediate arrest of his aggressor, who had allegedly threatened and even held members of Martin's family hostage. Besides, we note that there was not even a colorable justification for possessing the large number of guns that Martin had. The surplusage alone was sufficient for his convictions since, whatever the danger, it could not have required that much firepower to avert it. Therefore, even if we were to join those circuits which have recognized a defense of justification to 18 U.S.C. § 922(g)(1), that defense would be unavailable to Martin. We thus conclude that the district court properly denied Martin's motion in limine.

### III.

 Finally, Martin argues that he was denied effective assistance of counsel at the trial level in violation of the Sixth Amendment because his original attorney neglected to argue that Martin did not fall within the statutory definition of a convicted felon, failed to object to the jury instruction on the elements of the offense, and did not challenge the addition in the presentence investigation report of two base offense levels for obstruction of justice. Because a claim of ineffective assistance of counsel often cannot be established without the development of facts outside the original record, it ordinarily cannot be asserted for the first time on direct appeal. *United States v. DePuew*, 889 F.2d 791, 792–3 (8th Cir.1989); *United States v. Gallegos–Torres*, 841 F.2d 240, 242–43 (8th Cir.1988). Since Martin's arguments do not incorporate facts outside the record, however, we will consider his claim. *See United States v. Williams*, 897 F.2d 1430, 1434 (8th Cir.1990).

 Under the standards set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689, 104 S.Ct. at 2065. In order to demonstrate ineffective assistance of counsel, Martin would be required to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. We have already concluded that the evidence was sufficient for the jury to find that Martin was a convicted felon within the meaning of 18 U.S.C. § 922(g)(1) and that the district court properly instructed the jury regarding the elements of the offense. In addition, we note that at the sentencing hearing the district court deleted the two-level enhancement for obstruction of justice, thereby curing the alleged error in the presentence investigation report. Therefore, the actions of trial counsel did not affect the outcome of Martin's case.

### IV.

For the foregoing reasons, we affirm Martin's convictions under 18 U.S.C. § 922(g)(1).