_____

No. 95-2130NE
_____

United States of America,          *
                                   *
          Appellee,                *    On Appeal from the United
                                   *    States District Court
     v.                            *    for the District of
                                   *    Nebraska.
Marshall Taylor,                   *
                                   *
          Appellant.               *


                        _____

          Submitted:  April 8, 1996

            Filed:  April 24, 1996
                        _____

Before RICHARD S. ARNOLD, Chief Judge, WOLLMAN and HANSEN, Circuit Judges.

                        _____

RICHARD S. ARNOLD, Chief Judge.


     Marshall Taylor appeals his conviction for money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).  He argues that the jury's verdict was not supported by sufficient evidence and that his trial counsel was ineffective.  We affirm the judgment of the District Court.[1]


     Taylor owned and operated a small cosmetics store which also offered Western Union wire-transfer services.  At trial, Paul Barnes testified that Taylor helped him to conceal between $250,000

---

[1]The Hon. William G. Cambridge, Chief Judge, United States District Court for the District of Nebraska.

and $300,000 in proceeds from drug transactions.  Taylor filled out Western Union "To Send Money" forms using false senders' names and advised Barnes to divide large wire transfers into $5000 increments in order to avoid scrutiny by the Internal Revenue Service.  Furthermore, Barnes testified that Taylor knew that the $250,000-$300,000 in cash which he wired for Barnes were proceeds from the sale of crack cocaine.

Michael George corroborated Barnes's testimony.  According to George, he participated in a conference call with Barnes and Taylor in which the three agreed that Barnes would transfer money to Taylor using a fictitious sender's name.  George, who was a drug courier, also testified that Taylor helped him to disguise and then transfer over $20,000 in drug proceeds.

Taylor argues that this testimony (and other evidence which we need not discuss) was insufficient to convict him for money laundering.  Specifically, Taylor contends that the government failed to establish that he knew that the money he was transferring represented "the proceeds of some form of unlawful activity," 18 U.S.C. § 1956(a)(1).  He also claims that the government did not show that he intended "to promote the carrying on of specified unlawful activity," 18 U.S.C. § 1956(a)(1)(A)(i), or that he knew that the wire transfers were designed "to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of [unlawful] activity." 18 U.S.C. § 1956(a)(1)(B)(i).  We disagree.

When deciding whether a conviction is supported by sufficient evidence, our scope of review is limited.  We consider the evidence in the light most favorable to the government and reverse only "if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." United States v. Roach, 28 F.3d 729, 736 (8th Cir. 1994).  Barnes and George testified that Taylor knew that he was helping them to conceal the nature, source, and ownership of what Taylor knew was drug money.  Taylor claims that Barnes and

George were not credible because they were testifying pursuant to a plea agreement. But it is for the jury, not the Court of Appeals, to assess the credibility of witnesses. United States v. Logan, 49 F.3d 352, 360 (8th Cir. 1995). The testimony of Barnes and George, therefore, was sufficient to support Taylor's conviction.

We now turn to Taylor's argument that his trial counsel was ineffective. Because "a claim of ineffective assistance of counsel often cannot be established without the development of facts outside the original record, it ordinarily cannot be asserted for the first time on direct appeal." United States v. Martin, 62 F.3d 1009, 1012 (8th Cir. 1995). The grounds for ineffectiveness which Taylor identifies -- that his counsel failed to conduct discovery, did not call any alibi witnesses, and convinced Taylor to stipulate to a number of pieces of evidence -- incorporate facts which are not part of the trial record. Accordingly, we decline to consider Taylor's ineffective-assistance claim. If Taylor wishes, he may present this claim in a petition under 28 U.S.C. § 2255.

For these reasons, Taylor's conviction is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-