_____

No. 95-1229
_____

United States of America,                          *
                                                   *
            Appellee,                              *
                                                   *   Appeal from the United States
      v.                                           *   District Court for the
                                                   *   Western District of Missouri.
Johnny Boyce,                                      *
                                                   *          [UNPUBLISHED]
            Appellant.                             *


_____

                Submitted:  July 5, 1996

                   Filed:  July 19, 1996
                   _____

Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
                   _____

PER CURIAM.


        Johnny Boyce challenges the fifty-seven-month sentence imposed
by the District Court[1] following his guilty plea to conspiring to provide
a prohibited object (heroin) to an inmate, in violation of 18 U.S.C.
§§ 371, 1791(a)(1) (1994).  Counsel has filed a brief pursuant to Anders
v. California, 386 U.S. 738 (1967), and Boyce has filed a pro se
supplemental brief raising additional issues.  We affirm.


      In his Anders brief, counsel suggests he rendered ineffective
assistance in advising Boyce to waive a reduction for accepting
responsibility, and Boyce joins in this argument.  Because the record is
undeveloped as to such a claim, it is more properly the subject of a 28
U.S.C. § 2255 (1994) motion where Boyce can first

_____

        [1]The Honorable Russell G. Clark, United States District Judge
for the Western District of Missouri.

present it to the District Court. See <u>United States v. Taylor</u>, 82 F.3d 200, 201 (8th Cir. 1996).

In his supplemental pro se brief, Boyce contends the District Court wrongly assessed a four-level aggravating-role enhancement under U.S.S.G. § 3B1.1(a) (1995). This contention is baseless because Boyce stipulated in his plea agreement that he should receive the enhancement and admitted at the change-of-plea hearing that he had read the plea agreement and had consulted with counsel before signing it. See <u>United States v. Nguyen</u>, 46 F.3d 781, 783 (8th Cir. 1995) (holding that defendant who voluntarily and explicitly acknowledges that specific guidelines provision applies may not challenge punishment on appeal). For the same reason, any challenge Boyce makes to the District Court's decision not to grant him an acceptance-of-responsibility reduction also fails. We also reject as vague and conclusory Boyce's contentions that the District Court failed to comply with Federal Rules of Criminal Procedure 11(f) and 32(c)(3)(D). See Fed. R. App. P. 28(a)(6) (1996); <u>see also</u> <u>Sidebottom v. Delo</u>, 46 F.3d 744, 750 (8th Cir.) (holding that habeas petitioner waived argument by failing to specify why grounds asserted entitled him to evidentiary hearing) (citing predecessor to Rule 28(a)(6)), <u>cert. denied</u>, 116 S. Ct. 144 (1995).

For the first time, Boyce also argues that he was entitled to a three-level decrease under U.S.S.G. § 2X1.1(b)(2). After conducting plain-error review, <u>see</u> <u>United States v. Montanye</u>, 996 F.2d 190, 192 (8th Cir. 1993) (en banc), we reject the claim, as the undisputed facts reveal that one of Boyce's co-conspirators was about to receive heroin from another co-conspirator--for subsequent delivery to Boyce--when the individual delivering the heroin suspected she had been discovered by authorities and quickly disposed of the drugs. See U.S.S.G. § 2X1.1(b)(2) (1995) (providing that three-level decrease in conspiracy cases unavailable if co-conspirators were about to complete all acts

believed necessary for successful completion of substantive offense "but for apprehension or interruption by some similar event beyond their control").

Finally, Boyce lodges a general ineffective-assistance claim, arguing that he was prejudiced by counsel's advice to stipulate to "untrue" facts, and by counsel's failure "to properly mitigate factors that [were] clearly in [Boyce's] best interest[s]." Boyce's Supplemental Brief at 6. These shortcomings, Boyce maintains, resulted in his receiving the aggravating-role enhancement and not receiving a § 2X1.1(b)(2) decrease. Again, such claims are more properly the subject of a § 2255 motion. See Taylor, 82 F.3d at 201.

Having carefully reviewed the record, we have found no other nonfrivolous issue for appeal. See Penson v. Ohio, 488 U.S. 75, 80 (1988).

Accordingly, the judgment of the District Court is affirmed.

A true copy.

    Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.