92 F.3d 1190
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Johnny BOYCE, Appellant.
 No. 95-1229.
 United States Court of Appeals, Eighth Circuit.
 Submitted July 5, 1996.
Filed July 19, 1996.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Johnny Boyce challenges the fifty-seven-month sentence imposed by the District Court[1] following his guilty plea to conspiring to provide a prohibited object (heroin) to an inmate, in violation of 18 U.S.C. §§ 371, 1791(a)(1) (1994). Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and Boyce has filed a pro se supplemental brief raising additional issues. We affirm.
 
 
 2
 In his Anders brief, counsel suggests he rendered ineffective assistance in advising Boyce to waive a reduction for accepting responsibility, and Boyce joins in this argument. Because the record is undeveloped as to such a claim, it is more properly the subject of a 28 U.S.C. § 2255 (1994) motion where Boyce can first present it to the District Court. See United States v. Taylor, 82 F.3d 200, 201 (8th Cir.1996).
 
 
 3
 In his supplemental pro se brief, Boyce contends the District Court wrongly assessed a four-level aggravating-role enhancement under U.S.S.G. § 3B1.1(a) (1995). This contention is baseless because Boyce stipulated in his plea agreement that he should receive the enhancement and admitted at the change-of-plea hearing that he had read the plea agreement and had consulted with counsel before signing it. See United States v. Nguyen, 46 F.3d 781, 783 (8th Cir.1995) (holding that defendant who voluntarily and explicitly acknowledges that specific guidelines provision applies may not challenge punishment on appeal). For the same reason, any challenge Boyce makes to the District Court's decision not to grant him an acceptance-of-responsibility reduction also fails. We also reject as vague and conclusory Boyce's contentions that the District Court failed to comply with Federal Rules of Criminal Procedure 11(f) and 32(c)(3)(D). See Fed. R.App. P. 28(a)(6) (1996); see also Sidebottom v. Delo, 46 F.3d 744, 750 (8th Cir.) (holding that habeas petitioner waived argument by failing to specify why grounds asserted entitled him to evidentiary hearing) (citing predecessor to Rule 28(a)(6)), cert. denied, 116 S.Ct. 144 (1995).
 
 
 4
 For the first time, Boyce also argues that he was entitled to a three-level decrease under U.S.S.G. § 2X1.1(b)(2). After conducting plain-error review, see United States v. Montanye, 996 F.2d 190, 192 (8th Cir.1993) (en banc), we reject the claim, as the undisputed facts reveal that one of Boyce's co-conspirators was about to receive heroin from another co-conspirator--for subsequent delivery to Boyce--when the individual delivering the heroin suspected she had been discovered by authorities and quickly disposed of the drugs. See U.S.S.G. § 2X1.1(b)(2) (1995) (providing that three-level decrease in conspiracy cases unavailable if co-conspirators were about to complete all acts believed necessary for successful completion of substantive offense "but for apprehension or interruption by some similar event beyond their control").
 
 
 5
 Finally, Boyce lodges a general ineffective-assistance claim, arguing that he was prejudiced by counsel's advice to stipulate to "untrue" facts, and by counsel's failure "to properly mitigate factors that [were] clearly in [Boyce's] best interest[s]." Boyce's Supplemental Brief at 6. These shortcomings, Boyce maintains, resulted in his receiving the aggravating-role enhancement and not receiving a § 2X1.1(b)(2) decrease. Again, such claims are more properly the subject of a § 2255 motion. See Taylor, 82 F.3d at 201.
 
 
 6
 Having carefully reviewed the record, we have found no other nonfrivolous issue for appeal. See Penson v. Ohio, 488 U.S. 75, 80 (1988).
 
 
 7
 Accordingly, the judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri