# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-2799
_____

United States of America,     *
    *
        Appellee,     *
    * Appeal from the United States
     v.     * District Court for the
    * Western District of Missouri.
Tammie T. Francis, also known     *
as Coco,     *        [UNPUBLISHED]
    *
        Appellant.     *

_____

Submitted: February 28, 1997

Filed: May 2, 1997
_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.
_____

PER CURIAM.

Tammie T. Francis appeals her conviction for possessing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and the resulting mandatory life sentence imposed by the district court[1] under 21 U.S.C. § 841(b)(1)(A).  We affirm.

Evidence at trial established that Francis possessed a "fanny pack" containing, among other things, a "beige rock substance."  The parties stipulated that a forensic chemist's analysis showed

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

the substance was 51.74 grams of cocaine base.  The government's witnesses testified that "cocaine base" is a term for "crack," and described how cocaine base is made from cocaine hydrochloride, explaining that the process results in a "solid piece known as cocaine base or crack cocaine."

Francis unsuccessfully moved for acquittal, both at the close of the government's evidence and at the close of all of the evidence, and the jury found Francis guilty.  Because Francis had two prior felony drug convictions, she was sentenced to a mandatory term of life imprisonment under the enhanced penalties in section 841(b)(1)(A).  The district court also imposed a concurrent twenty-year sentence on a related cocaine count, which is not at issue in this appeal.  Francis did not object at trial or sentencing to the sufficiency of proof as to the identity of the rock-like substance found in the pack.

On appeal, Francis argues (1) that her conviction cannot stand; (2) that section 841(b) was misapplied; and (3) that counsel was ineffective for failing to challenge at sentencing the proof as to the substance in the pack.  As to each claim, Francis relies on a 1993 Amendment to the notes following the Guidelines drug-quantity table, which states that "'Cocaine base,' for the purposes of this guideline, means 'crack.'  'Crack' is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form."  See United States Sentencing Commission, Guidelines Manual, App. C. Amend. 487 (Nov. 1995).  Francis urges us to extend the Guidelines definition to section 841's penalty provisions, and to conclude that the government failed to prove the substance in the pack was the "'crack form of cocaine base.'"

We note Francis may have waived any sufficiency-of-the-evidence challenge to her conviction based on the identity of the substance at issue, by stipulating that it was cocaine base. See United States v. Melina, 101 F.3d 567, 572 (8th Cir. 1996). Nevertheless, as the government does not specifically raise the issue of waiver, we reject Francis's challenge on the merits. In addition to the parties' stipulation that the substance was cocaine base, the government's evidence established without contradiction that the substance was in rock form, and that cocaine base or crack is the solid matter resulting from processing cocaine hydrochloride. See United States v. Wilson, 103 F.3d 1402, 1406-07 (8th Cir. 1997) (standard of review; evidence was sufficient to support conviction involving cocaine base where forensic chemist testified without contradiction that substance was cocaine base, even though chemist did not specifically say substance was "'cocaine base which is the same as crack'").

Additionally, we conclude the district court did not plainly err in sentencing Francis--who has two prior felony drug convictions--under the enhanced statutory minimum for cocaine base. See 21 U.S.C. § 841(b)(1)(A) (person convicted of possessing with intent to distribute 50 grams or more of "a mixture or substance which contains 'cocaine base'" and has two or more prior drug felony convictions, subject to mandatory life sentence); Wilson, 103 F.3d at 1407 (no error in sentencing pursuant to enhanced statute for cocaine base where uncontradicted trial testimony established substance was cocaine base); United States v. Griggs, 71 F.3d 276, 279 (8th Cir. 1995) (standard of review when defendant does not object); United States v. Roberts, 953 F.2d 351, 354 (8th Cir.) (court may rely on evidence presented at trial when sentencing defendant), cert. denied, 505 U.S. 1210 (1992).

Moreover, we reject Francis's suggestion that the Guidelines definition of cocaine base constructively amends 18 U.S.C. § 841. <u>Cf. United States v. Stoneking</u>, 60 F.3d 399, 402 (8th Cir. 1995) (en banc) (explaining Sentencing Commission cannot override Congress by amending Guidelines), <u>cert. denied</u>, 116 S. Ct. 926 (1996); <u>see</u> USSG § 2D1.1(c), note (D) (defining cocaine base "**for purposes of this guideline**" as crack) (emphasis added).

Finally, while we generally do not review ineffective-assistance-of-counsel claims on direct appeal, <u>see</u> <u>United States v. Martin</u>, 62 F.3d 1009, 1012 (8th Cir. 1995), <u>cert. denied</u>, 116 S. Ct. 1556 (1996), the record is sufficiently developed for us to conclude that there is no reasonable probability Francis's sentence would have been any different had counsel objected at sentencing. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984) (to show ineffective assistance of counsel, defendant must demonstrate reasonable probability that, but for counsel's unprofessional errors, result of proceeding would have been different); <u>United States v. Apfel</u>, 97 F.3d 1074, 1076 (8th Cir. 1996) (no need to address counsel's behavior where no showing of prejudice); <u>Martin</u>, 62 F.3d at 1012 (deciding ineffective-assistance claim on merits where arguments did not incorporate facts outside the record).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.