**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3667

_____

United States of America,          *
                                   *
          Plaintiff-Appellee,      *  Appeal from the United States
                                   *  District Court for the
     v.                            *  Northern District of Iowa.
                                   *
Mack R. Gibson,                    *
                                   *
          Defendant-Appellant.     *
                                   *

_____

Submitted:  April 14, 1997
                    Filed:  September 4, 1997

_____

Before BOWMAN, WOLLMAN, and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

     In this direct criminal appeal, Mack R. Gibson appeals the sufficiency of the evidence to sustain his controlled substances convictions and the district court's[1] denial of his motion to suppress evidence seized from his apartment.  We affirm.

_____

     [1]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

Mack R. Gibson (Gibson), a 61-year-old repeat drug offender, lived in an apartment in Cedar Rapids, Iowa, with his teenage nephew, William M. Gibson, also known as "Little Mack." An informant contacted the Cedar Rapids Police Department, alleging that Mack Gibson was engaging in the distribution of cocaine. The informant had purchased cocaine from Gibson on numerous previous occasions. He stated that he had also received cocaine from Little Mack at Gibson's apartment. On February 8, 1994, the police met with the informant, who arranged to purchase cocaine at Gibson's apartment later that day. The police searched the informant to be certain he did not possess any cocaine and provided him with $100. As planned, the police watched the informant enter Gibson's apartment with $100 and return with .243 grams of cocaine, which he reported purchasing from Mack Gibson. Police observed the transaction from outside, but no devices were used to record the conversation or to otherwise monitor the transaction.

On the basis of this information, Detective Mark Fischer of the Cedar Rapids Police Department submitted an application for a search warrant to the Iowa state district court. The warrant issued on February 10, 1994. Four days later, on February 14, 1994, Detective Fischer executed the warrant and found two bags of cocaine in Gibson's bedroom. Subsequently, the government indicted Gibson on one count of distribution of cocaine and one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (1994).

Before trial, Gibson filed a motion to suppress the evidence seized during the search. Gibson contended that the police officers unreasonably delayed executing the warrant such that probable cause had dissipated by the time the warrant was executed. Gibson did not contend that no probable cause existed to issue the warrant in the first instance. The district court denied the motion to suppress, finding that the four-day delay in executing the warrant did not render it stale.

The case proceeded to trial. Detective Fischer, the police informant, and several other persons testified at trial concerning Gibson's drug possession and drug trafficking activities. The jury convicted Gibson on both counts of the indictment. Gibson now appeals, alleging that probable cause did not exist to justify issuing the search warrant in the first instance, that the finding of probable cause was stale by the time the warrant was executed, and that the evidence was not sufficient to support his convictions.

We first address Gibson's contention that the search was unlawful because the warrant-issuing state court erroneously found the existence of probable cause. Gibson correctly acknowledges that he did not raise this issue before the federal district court in his motion to suppress. Thus, we review only for plain error. See United States v. Olano, 507 U.S. 725, 735-36 (1993). "'Plain error occurs if (1) there is an error, (2) the error is obvious, and (3) the error affects a defendant's substantial rights.'" United States v. Guerra, 113 F.3d 809, 816 (8th Cir. 1997) (quoting United States v. Hill, 91 F.3d 1064, 1072 (8th Cir. 1996)). To affect a defendant's substantial rights, the error must have prejudicially influenced the outcome of the proceedings below. Id. See Olano, 507 U.S. at 734.

Gibson contends that there was no probable cause to support the issuance of the warrant. In support of this argument, Gibson contends that the search warrant application, prepared by Detective Fischer, represented to the court that the informant had a reputation for truthfulness without first investigating to determine whether the informant in fact had a reputation for truthfulness. Also, Gibson contends that Detective Fischer misled the issuing judge concerning the informant's reliability by checking a box on the search warrant application form which indicated that the informant had not given false information in the past. In reality, this informant had never provided any information at all in the past.

A presumption of validity accompanies the affidavit supporting a search warrant. Franks v. Delaware, 438 U.S. 154, 171 (1978). A district court is not required to hold

a hearing for the purpose of determining the veracity of the affiant unless the defendant makes a "substantial preliminary showing of a false or reckless false statement or omission" and demonstrates that "the alleged false statement or omission was necessary to a finding of probable cause." United States v. Hiveley, 61 F.3d 1358, 1360 (8th Cir. 1995) (internal quotations omitted). See Franks, 438 U.S. at 171-72. Mere negligence on the part of law enforcement officers will not suffice. Franks, 438 U.S. at 170. Furthermore, "[w]here the informant['s] information is at least partially corroborated, attacks upon credibility and reliability are not crucial to the finding of probable cause." United States v. Humphreys, 982 F.2d 254, 259 (8th Cir. 1992), cert. denied, 510 U.S. 814 (1993).

Gibson has not demonstrated that Detective Fischer's statements in his affidavit were either false or a reckless omission of relevant information. See United States v. Johnson, 78 F.3d 1258, 1262 (8th Cir.) (holding an officer's assertion that the informant has not given false information in the past, where in fact the informant has never provided any information, does not amount to a false statement or a statement made with reckless disregard), cert. denied, 117 S. Ct. 227 (1996). Furthermore, neither of Gibson's allegations calls into doubt the existence of probable cause to issue the search warrant in this case. The informant here notified the police that Gibson was one of his sources for cocaine, and the police corroborated this information by arranging a cocaine transaction with the informant that took place at Gibson's apartment. The police officer's observation of this transaction was sufficient to establish probable cause to search the apartment. Gibson's challenges to Detective Fischer's statements in his affidavit concerning the informant's reliability and credibility simply do not undermine the probable cause finding. Hence, the district court did not commit plain error that affected Gibson's substantial rights by not sua sponte challenging the existence of probable cause to issue the search warrant.

Gibson also challenges the district court's denial of his motion to suppress. He argues that the search warrant was stale because probable cause dissipated during a

four-day delay in executing the warrant.  The district court denied the motion to suppress, concluding that the warrant was not stale or lacking in probable cause at the time of the search.  We affirm the denial of a motion to suppress unless (1) the decision rests on clearly erroneous findings of fact, (2) the decision is based on an erroneous view of the applicable law, or (3) the record as a whole leaves the court with a firm and definite conviction that a mistake has been made.  See United States v. LaMorie, 100 F.3d 547, 552 (8th Cir. 1996); Johnson, 78 F.3d at 1261.

"Probable cause is a fair probability that contraband or evidence of a crime will be found in the location to be searched."  LaMorie, 100 F.3d at 552.  We determine probable cause "under a totality-of-the-circumstances approach."  Id. at 553.  A delay in executing a search warrant may render stale the probable cause finding.  United States v. Maxim, 55 F.3d 394, 397 (8th Cir.), cert. denied, 116 S. Ct. 265 (1995).  Important factors to consider in determining whether probable cause has dissipated, rendering the warrant fatally stale, include the lapse of time since the warrant was issued, the nature of the criminal activity, and the kind of property subject to the search.  Id.  See also United States v. Rugh, 968 F.2d 750, 754 (8th Cir. 1992).

The warrant in this case was issued on February 10, 1994.  Its terms specifically commanded the police officers "to make immediate search," (Appellant's Adden. B at 2), but Detective Fischer chose not to execute the warrant until four days later.  At the suppression hearing, Detective Fisher explained that he waited four days to provide some protection for the identity and safety of the informant.  To make certain that there still would be controlled substances in the apartment when the warrant was executed, Detective Fischer asked the informant to notify him if there appeared to be any increase or decrease in traffic to and from Gibson's apartment.  Detective Fischer testified that the traffic flow at Gibson's apartment would indicate the presence of controlled substances and drug trafficking activity.  The district court denied Gibson's suppression motion, finding that although there was no evidence here of a large-scale drug operation, the police had information available to them indicating on-going drug activity

at Gibson's apartment. The district court concluded that the confidential informant's statements about drug trafficking activity at the apartment and the traffic in and out of the apartment were sufficiently indicative of continued drug dealing to provide probable cause at the time the warrant was issued.

Viewing the totality of the circumstances, we conclude that the district court's findings of fact are not clearly erroneous and that the court did not apply an erroneous view of the applicable law. Because continuing criminal activity was suspected and corroborated, probable cause did not dissipate in the four days that lapsed between the time the state court issued the warrant and its execution. "Where continuing criminal activity is suspected, the passage of time is less significant." LaMorie, 100 F.3d at 554. Thus, the district court did not clearly err in denying Gibson's motion to suppress.[2]

Finally, Gibson contends that his conviction is not supported by evidence sufficient to establish his identity as the seller during the controlled drug transaction or to establish that he was the owner of the cocaine found in his bedroom. When considering whether the evidence is sufficient to sustain a guilty verdict, "we view the evidence in the light most favorable to the government, giving the government the benefit of all reasonable inferences." United States v.Herron, 97 F.3d 234, 236 (8th Cir. 1996), cert. denied, 117 S. Ct. 998 (1997). We reverse only "if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." United States v.Taylor, 82 F.3d 200, 201 (1996) (internal quotations omitted).

The evidence admitted at trial included Detective Fischer's testimony that he accompanied the police informant to Gibson's apartment on February 8, 1994, that the informant had no controlled substances in his possession when he went into Gibson's

---

[2]Although not controlling here, we note that under Iowa Code § 808.8, a search warrant must be returned within 10 days from its date, and a failure to execute the warrant within those 10 days voids the warrant.

apartment, and that the informant returned from Gibson's apartment with
.243 grams of cocaine, stating that he had purchased it from Gibson.
Detective Fisher also indicated that cocaine was found in Gibson's bedroom.
A reasonable jury also could have believed the informant's testimony that
he had previously purchased cocaine from Gibson at Gibson's apartment and
that it was Gibson who sold him cocaine during the February 8, 1994,
controlled transaction.  The defendant had the opportunity to discredit the
informant's testimony at trial, and the jury had the sole responsibility
to determine the credibility of the informant's testimony.  On appeal,
"decisions concerning witness credibility 'are to be resolved in favor of
the jury's verdict.'"  United States v.Dolan, 1997 WL 411791 at *11 (8th
Cir. July 24, 1997) (quoting United States v. Smith, 104 F.3d 145, 147 (8th
Cir. 1997)).  We decline to disturb the jury's credibility findings.  We
conclude that there was sufficient evidence from which a reasonable jury
could find Gibson guilty beyond a reasonable doubt on each count of the
indictment.

Accordingly, we affirm the judgment of the district court.

A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-7-