United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-2308

_____

United States of America,        *
                                        *

       Appellee,          *

                                        *

v.                         *

                                        *

Theodore T. Browne,        *

                                        *

       Appellant.       *

_____

No. 97-2310

_____

United States of America,        *

                                        *

       Appellee,          *

                                        *

v.                         *

                                        *

Derrick L. Biegler,         *

                                        *

       Appellant.       *

Appeals from the United States
District Court for the
Southern District of Iowa

[UNPUBLISHED]

_____

Submitted: March 18, 1998
Filed: April 8, 1998

_____

Before McMILLIAN, BOWMAN, and LOKEN, Circuit Judges.
_____

PER CURIAM.

In these consolidated appeals, Theodore T. Browne, who is African-American, appeals from the final judgment entered in the District Court[1] for the Southern District of Iowa following his guilty plea to conspiring to distribute cocaine base or "crack," to possess it with intent to distribute, and to maintain places for the distribution of cocaine base, all in violation of 21 U.S.C. § 846. Derrick L. Biegler, who also is African-American, appeals from the district court's final judgment entered upon his guilty plea to conspiring to distribute cocaine base or "crack" and to possess it with intent to distribute, in violation of § 846. In accordance with separate written plea agreements, the district court sentenced Browne to 210 months imprisonment and four years supervised release, and Biegler to 136 months imprisonment (reflecting a fifteen-month credit on a concurrent state sentence) and five years supervised release. In each case, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising challenges to the sentences imposed. Additionally, Browne has filed two pro se supplemental briefs and Biegler has filed one. After consideration of the Anders and pro se briefs, as well as the record, we affirm the judgments of the district court for the reasons discussed below.

The Anders brief filed in Browne's case contains an equal protection challenge to the 100-to-1 ratio used in establishing the guidelines ranges for crack and powder cocaine; Browne reiterates the challenge in his pro se briefs. However, Browne may not challenge the district court's application of the crack cocaine penalties to him, because he specifically stipulated in his plea agreement to the 210-month sentence he received. See United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) (defendant

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

who explicitly and voluntarily exposes himself to specific sentence may not challenge that punishment on appeal). The Anders and pro se briefs also contain various challenges to the district court's drug quantity determination. Like the crack penalty argument, these challenges are foreclosed by Browne's written plea agreement. We further conclude that the ineffective assistance claim raised in one of Browne's pro se briefs is more appropriately brought in a 28 U.S.C. § 2255 proceeding, where the matter can first be presented to the district court and the record developed as necessary. See United States v. Taylor, 82 F.3d 200, 201 (8th Cir. 1996). Finally, we reject Browne's contention that he is entitled to have his conviction vacated as a result of having to prepare his pro se briefs without the full record before him. See Anders v. California, 386 U.S. at 744 (indigent appellant whose counsel seeks to withdraw must be furnished with copy of counsel's brief and given time to raise any points he chooses).

In Biegler's case, both counsel in his Anders brief and Biegler in his pro se brief challenge the 100-to-1 ratio; Biegler adds that his sentence violates the Eighth Amendment and suggests he was selected for prosecution based on his race. Biegler is foreclosed from challenging his sentence because he stipulated to it in his written plea agreement, see United States v. Nguyen, 46 F.3d at 783, and his claim of prosecutorial bias is unsupported. Biegler also raises an ineffective assistance claim, but we conclude once again that such a claim should be raised in a collateral proceeding.

Upon review of the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm. We also deny the remaining pending pro se motions Browne and Biegler filed in this court.

A true copy.

Attest:

               CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT