# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1077SI

_____

United States of America,　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　*　　Appeal from the United States
　　　　　　　　　　　　　　　　*　　District Court for the Southern
　　v.　　　　　　　　　　　　*　　District of Iowa.
　　　　　　　　　　　　　　　　*
Julian R. Aguilera,　　　　　　*　　　　　[UNPUBLISHED]
　　　　　　　　　　　　　　　　*
　　　　　　　Appellant.　　　　*

_____

Submitted: October 19, 1998
Filed: October 28, 1998

_____

Before McMILLIAN, FAGG, and BEAM, Circuit Judges.

_____

PER CURIAM.

Julian R. Aguilera appeals his jury convictions for conspiracy to distribute and possess with intent to distribute marijuana, see 21 U.S.C. § 846 (1994), and for managing and controlling a place where drugs are manufactured and stored, see id. § 856(a)(2). Aguilera first contends the evidence is insufficient to support his conspiracy conviction. Viewing the evidence in the light most favorable to the jury's verdict and drawing all reasonable inferences in the verdict's favor, see United States v. Jenkins, 78 F.3d 1283, 1287 (8th Cir. 1996), we conclude the evidence clearly established the existence of a conspiracy and Aguilera's participation in the conspiracy. Aguilera also contends the district court improperly admitted hearsay evidence of other bad acts in

violation of Federal Rule of Evidence 404(b). The evidence of conversations between Aguilera and two coconspirators about their willingness to drive loads of drugs for money was evidence of the charged offense rather than evidence of other bad acts, however. See United States v. Rodreguez, 859 F.2d 1321, 1327 (8th Cir. 1988); see also United States v. Moore, 149 F.3d 773, 780 (8th Cir. 1998). Aguilera last contends the district court applied the wrong standard in denying his motion to suppress. Aguilera based his motion on the allegation that the affidavit supporting the search warrant contained faulty information. The district court properly applied Franks v. Delaware, 438 U.S. 154, 171-72 (1978), and rejected Aguilera's motion because he failed to show that the police made a deliberately or recklessly false statement or omission or that the allegedly false statement or omission was necessary to a finding of probable cause. See United States v. Gibson, 123 F.3d 1121, 1124 (8th Cir. 1997). We thus affirm Aguilera's convictions.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-