# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3835

_____

United States of America,

        Appellee,

v.

Carlos Alberto Rivas-Cristales,

        Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Southern District of Iowa.
\*
\*    **[UNPUBLISHED]**
\*

_____

Submitted:  May 11, 2000
Filed:  May 19, 2000

_____

Before LOKEN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

A jury found Carlos Alberto Rivas-Cristales guilty of conspiring to distribute methamphetamine, attempting to possess with intent to distribute methamphetamine, and distributing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court[1] sentenced him to 188 months imprisonment and 5 years supervised release. On appeal, Rivas-Cristales argues (1) the district court erred in denying his

_____

[1]The HONORABLE R.E. LONGSTAFF, United States District Judge for the Southern District of Iowa.

motion in limine to exclude his custodial statements and consent to search, because at the time of his arrest he was not advised of his right, as an El Salvadoran national, to contact his consul, see Vienna Convention on Consular Relations, April 24, 1963, art. 36, 21 U.S.T. 77, T.I.A.S. No. 6820; (2) the district court erred in applying an obstruction-of-justice enhancement for giving false testimony; and (3) his counsel was ineffective for failing to request safety-valve relief under U.S. Sentencing Guidelines Manual § 5C1.2. We affirm.

First, we conclude that the district court did not abuse its discretion in denying the motion in limine. See United States v. Whitehead, 176 F.3d 1030, 1036 (8th Cir. 1999) (standard of review). Assuming without deciding that Rivas-Cristales could assert a Vienna Convention violation and that suppression would be an available remedy, we agree with the district court that Rivas-Cristales did not show prejudice: he did not allege he would have refused to make any statements or sign the search-consent form had he spoken to his consulate, and--as the district court found--he understood and voluntarily waived his right to remain silent. See United States v. Esparza-Ponce, 193 F.3d 1133, 1138-39 (9th Cir. 1999) (defendant must demonstrate prejudice by showing he did not know of his right to contact consul under Vienna Convention, he would have availed himself of right had he known it, and consular contact likely would have assisted him).

Second, we conclude that the district court did not clearly err in finding Rivas-Cristales had lied while testifying to gain the suppression of evidence, and that the court thus properly applied the obstruction-of-justice enhancement. See United States v. Dunnigan, 507 U.S. 87, 95 (1993) (district court must review evidence and make finding of obstruction of justice that encompasses factual predicates for finding of perjury); United States v. Molina, 172 F.3d 1048, 1058 (8th Cir.), cert. denied, 120 S. Ct. 221 (1999) (standard of review); United States v. Ogbeifun, 949 F.2d 1013, 1013-14 (8th Cir. 1991) (upholding obstruction-of-justice enhancement based on trial judge's express finding from personal observation that defendant had lied while testifying).

Last, we decline to consider Rivas-Cristales's ineffective-assistance argument, as the record is insufficiently developed to show whether he qualified for safety-valve relief.  See United States v. Martin, 62 F.3d 1009, 1012 (8th Cir. 1995) (ineffective-assistance claims are ordinarily reserved for collateral attack, but appellate court will consider such claims where record is established and there is no need to develop additional facts), cert. denied, 116 S. Ct. 1556 (1996).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.