FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

DEC 27 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS HUMBERTO ERAZO, | No. 09-71315 |
| Petitioner, | Agency No. A098-347-398 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2010[**]

Before:    GOODWIN, WALLACE and THOMAS, Circuit Judges.

Petitioner Luis Humberto Erazo, a native and citizen of El Salvador,

petitions for review of a Board of Immigration Appeals order dismissing his appeal

from an immigration judge's (IJ) decision denying his application for asylum and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal.[1]  We have jurisdiction under 8 U.S.C. § 1252.  We deny the petition for review.

Erazo contends he is a member of a social group comprised of "young men targeted by gangs that the government is unwilling or unable to control." Substantial evidence supports the Board's denial of asylum and withholding of removal because Erazo failed to show his alleged persecutors threatened him on account of a protected ground.  *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008) (reciting standard of review); *Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998) (recognizing that "[m]ere generalized lawlessness and violence between diverse populations" without a particularized risk to petitioner is generally insufficient to support asylum claim).  Erazo's fear of future persecution based on an actual or imputed anti-gang or anti-crime opinion is not on account of the protected ground of either membership in a particular social group or political opinion.  *Ramos Barrios v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009); *Santos-Lemus*, 542 F.3d at 745-46; *see Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.")  We decline to address Erazo's

---

[1] Erazo does not challenge the denial of his application for protection under the Convention Against Torture.

unexhausted contention that his alleged persecutors had mixed motives. *Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000) (declining to consider a claim that Board did not have first opportunity to consider).

The record belies Erazo's contention that the Board denied him due process by failing to address a country report supporting his fear of gang violence in El Salvador. *See Kohli v. Gonzales*, 473 F.3d 1061, 1068 (9th Cir. 2007) (explaining presumption that agency properly discharged official duties, absent clear evidence to the contrary). Regardless, the Board denied relief based on a failure to establish a nexus to a protected ground, and the country report is not relevant to that determination.

We decline to address petitioner's unexhausted contention listed in the table of contents, supported by no argument in the opening brief, that the IJ did not comply with 8 C.F.R. § 1208.11 by failing to send a copy of the asylum application to the Department of State for review. *Ontiveros-Lopez v. INS*, 123 F.3d 1121, 1124 (9th Cir. 2000) (declining to consider a claim that Board did not have first opportunity to consider).

**PETITION FOR REVIEW DENIED.**