UNITED STATES of America, Appellee,

v.

Willie J. BROWN, Appellant.

UNITED STATES of America, Appellee,

v.

Theodore R. VAUGHN, Appellant.

UNITED STATES of America, Appellee,

v.

James R. SHEIL, Appellant.

Nos. 90–2863, 90–3008 and 90–3009.

United States Court of Appeals,
Eighth Circuit.

Submitted May 16, 1991.

Decided Aug. 6, 1991.

Jesse Irvin, II, Omaha, Neb., for appellant Vaughn.

Michael Levy, Omaha, Neb., for appellant Sheil.

Stephen O'Meara, Asst. U.S. Atty., Omaha, Neb., for appellee.

Before FAGG and MAGILL, Circuit Judges, and HENLEY, Senior Circuit Judge.

HENLEY, Senior Circuit Judge.

Appellants Willie J. Brown, Theodore R. Vaughn, and James R. Sheil appeal from judgments entered in the district court[1] following jury verdicts finding them guilty of various offenses related to a conspiracy to distribute cocaine. We affirm.

From June 1985 through March 21, 1986, federal and state law enforcement officers conducted an investigation of a possible conspiracy to distribute cocaine in Omaha, Nebraska involving Larry Hinton.[2] As part of the surveillance, state agents installed a pen register and, pursuant to a state court order, a wiretap on Hinton's telephone. A pen register was also installed on Brown's telephone. Hinton was convicted in state court, and the conviction was affirmed by the state supreme court. *State v. Hinton*, 226 Neb. 787, 415 N.W.2d 138 (1987).

As a result of their involvement with Hinton, a federal grand jury indicted appellants and ten others for conspiracy to distribute cocaine. Pursuant to guilty plea agreements, seven of the coconspirators testified against appellants; Hinton testified pursuant to a nonprosecution agreement. The plea agreements and nonprosecution agreement were admitted into evidence. In addition, numerous tape recordings of intercepted conversations were introduced, as well as other evidence obtained as a result of the wiretaps.

Mark Slowiaczek, Omaha, Neb., for appellant Brown.

---

1. The Honorable William G. Cambridge, United States District Judge for the District of Nebraska.

2. At oral argument appellants suggested that the investigation did not involve federal agents. However, evidence at the suppression hearing indicates federal involvement.

Appellants Brown and Sheil[3] argue that the district court erred in refusing to grant their motion to suppress evidence obtained as a result of the electronic surveillance. Appellants argue that the officers failed to obtain warrants authorizing the installation of the pen registers. They also argue that the wiretaps violated state law and a court order, in that interim reports were not filed or were untimely filed. The government responds that aside from the installation of a pen register on Brown's telephone, appellants lack standing to challenge the evidence obtained as a result of the surveillance of Hinton's telephone. We do not address the standing issue,[4] because we find appellants' arguments are without merit. *See United States v. Macklin,* 902 F.2d 1320, 1324 n. 5 (8th Cir.1990) (court does not address standing issue finding probable cause supported wiretap), *cert. denied,* — U.S. —, 111 S.Ct. 689, 112 L.Ed.2d 680 (1991).

■ We first note that as a "general rule ... wiretap or other evidence obtained without violating the Constitution or federal law is admissible in a federal criminal trial even though obtained in violation of state law." *United States v. Covos,* 872 F.2d 805, 807 (8th Cir.) (quotation omitted), *cert. denied,* — U.S. —, 110 S.Ct. 124, 107 L.Ed.2d 85 (1989). We find the district court[5] properly rejected appellants' claims concerning the pen registers. *See id.* (court did not address technical challenges to issuance and execution of pen register order because use of pen register did not implicate fourth amendment concerns). *See also Smith v. Maryland,* 442 U.S. 735, 745–46, 99 S.Ct. 2577, 2582–83, 61 L.Ed.2d 220 (1979) (no legitimate expectation of privacy in telephone numbers dialed).[6]

■ The district court also properly rejected appellants' challenge to the wiretaps. Appellants argued that state law was controlling because 18 U.S.C. § 2516(2) provides that a state court judge may "grant in conformity with section 2518 ... and with the applicable State statute an order authorizing, or approving the interception of wire, oral, or electronic conversations...." Appellants relied on Neb.Rev. Stat. § 86–705(7)(b) (Cum.Supp.1988), which *requires suppression of wiretap evidence if interim reports are untimely filed, unless good cause is shown.*

Assuming without deciding that appellants' interpretation of the federal wiretap statute is correct, *see Covos,* 872 F.2d at 807–08, we agree with the district court that the state statute does not aid appellants because it was not in effect at the time of the interception. At the time of the wiretap order, the state statute permitted a judge to order interim reports, but did not provide for suppression of untimely reports. The district court noted that the state supreme court rejected Hinton's argument to the contrary. *See State v. Hinton,* 226 Neb. at 798–99, 415 N.W.2d at 146 ("since requiring interim reports is not mandated by statute and rests with the discretion of the judge issuing wiretap orders, waiver of the requirement or determination of the consequences of failing to follow the order in that regard also rests with that judge's discretion"). Moreover, the district court noted that even courts that relied on state law refused to retroactively apply intervening changes in state wiretap law. *See United States v. Sotomayor,* 592 F.2d 1219, 1226 (2d Cir.), *cert.*

---

3. Brown and Sheil have filed a joint brief.

4. 18 U.S.C. § 2518(10)(a) provides that "[a]ny aggrieved person" may move to suppress the contents of an intercepted conversation and evidence derived therefrom. 18 U.S.C. § 2510(11) defines aggrieved person as any "person who was a party to any intercepted wire, oral, or electronic communication or a person against whom the interception was directed." *See United States v. Civella,* 648 F.2d 1167, 1171–72 (8th Cir.) (defendants not aggrieved persons where none of defendants' conversations were intercepted under challenged order), *cert. denied,*

454 U.S. 867, 102 S.Ct. 330, 70 L.Ed.2d 168 (1981).

5. The court adopted the findings and recommendation of United States Magistrate Judge Richard G. Kopf.

6. The Court in *Smith* explained that pen registers " 'do not hear sound. They disclose only the telephone numbers that have been dialed....' " 442 U.S. at 741, 99 S.Ct. at 2581 (quoting *United States v. New York Tel. Co.,*. 434 U.S. 159, 167, 98 S.Ct. 364, 369, 54 L.Ed.2d 376 (1977)).

*denied,* 442 U.S. 919, 99 S.Ct. 2842, 61 L.Ed.2d 286 (1979).

■ Appellants also argue that the wiretaps violated 18 U.S.C. § 2518(5), which provides a wiretap order may not be authorized "for any period longer than is necessary to achieve the objective of the authorization." Appellants argue that the wiretap should have been terminated on March 7, 1986, when the officers learned of Hinton's source of cocaine. Again, we agree with the district court that the wiretap could lawfully continue beyond that date because the investigating officers had not yet learned of the extent of the conspiracy and the identity of the coconspirators. *See United States v. Daly,* 535 F.2d 434, 439 n. 3 (8th Cir.1976).

■ Appellants Brown and Sheil also argue that the district court erred in finding that they failed to make a prima facie case of racial discrimination in the government's use of its peremptory strikes under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Appellants based their *Batson* challenge on the numbers of black persons struck from the venire. While numbers may be important, "a defendant who requests a prima facie finding of purposeful discrimination is obligated to develop [some] record, beyond numbers, in support of the asserted violation." *United States v. Dawn,* 897 F.2d 1444, 1448 (8th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 389, 112 L.Ed.2d 400 (1990). No such record was made in this case.[7]

■ Brown and Sheil also argue that the district court erred in permitting the introduction into evidence of the coconspirators' plea agreements and Hinton's nonprosecution agreement. In *United States v. Kroh,* 915 F.2d 326, 331 (8th Cir.1990) (en banc), this court held that a district court did not abuse its discretion in permitting the government to question a coconspirator on direct examination about his plea agreement and conviction. The court noted that

although the agreement could not be used as substantive evidence of guilt, "[i]n the Eighth Circuit the law is clear that 'a confederate's guilty plea is admissible, *even on the Government's direct examination of the witness,* as evidence of the witness' credibility, or of his acknowledgment of participation in the offense.' " *Id.* (quoting *United States v. Hutchings,* 751 F.2d 230, 237 (8th Cir.1984), *cert. denied,* 474 U.S. 829, 106 S.Ct. 92, 88 L.Ed.2d 75 (1985)).

Appellants argue that *Kroh* is distinguishable because in that case the plea agreement was not admitted into evidence. The court in *Kroh,* however, noted that this court had held that a district court did not abuse its discretion "in receiving witness-coconspirators' *written* plea agreements into evidence when jurors were instructed that [the] pleas were not evidence of substantive guilt ... but only went to credibility of witnesses...." *Id.* (citing *United States v. Drews,* 877 F.2d 10, 12 (8th Cir. 1989)). At oral argument appellants acknowledged *Drews,* but maintained reversal was required because the district court failed to give a cautionary instruction. Contrary to appellants' assertion and despite their admitted failure to request a cautionary instruction, the court nonetheless instructed the jury that

A guilty plea of any ... witness cannot be considered by you as any evidence of the guilt of any of the ... defendants who are on trial before you in this case. The guilty plea of any such witness can be considered by you only for the purpose of determining how much, if at all, to rely on the witnesses' testimony.

Jury Instruction No. 61. We thus find that the district court did not abuse its discretion in admitting the plea and nonprosecution agreements into evidence. Even if we had found error, in the circumstances of this case, we would find the error harmless.

---

7. Because we find that appellants failed to make a prima facie case, we do not address the district court's alternative holding that appellants' *Batson* objection was untimely because it was made after the jury was impanelled. *See United States v. Dobynes,* 905 F.2d 1192, 1196 (8th Cir.) (court does not determine "precise point" at which *Batson* objection is untimely, but con-

cludes objection untimely when first raised in motion for new trial), *cert. denied,* —— U.S. ——, 111 S.Ct. 206, 112 L.Ed.2d 167 (1990). *See also Reynolds v. City of Little Rock,* 893 F.2d 1004, 1009 (8th Cir.1990) (*Batson* objection timely even though made after jury had been sworn where district court treated it as timely).

We have reviewed the remaining arguments of Brown and Sheil concerning severance and their pre-Guidelines sentences and find them to be without merit.

We also find without merit Vaughn's arguments concerning, among other things, admission of a tape recording of a conversation between Hinton and a coconspirator, admission of coconspirators' statements, and the sufficiency of the evidence of his participation in the conspiracy. We note that "[o]nce the conspiracy is proved ... 'even slight evidence connecting [Vaughn] to the conspiracy would be sufficient to support [his] conviction.'" *United States v. Nunn,* 940 F.2d 1128, 1132 (8th Cir.1991) (quoting *United States v. Foote,* 898 F.2d 659, 663 (8th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 112, 112 L.Ed.2d 81 (1990)). In this case, "the government adduced more than slight evidence connecting [Vaughn] to the conspiracy." *Id.* Intercepted conversations and photographic evidence clearly demonstrated Vaughn's connection to the conspiracy. The evidence also is sufficient to demonstrate his intent to distribute cocaine.

Accordingly, the judgments of the district court are affirmed.