UNITED STATES of America, Appellee,

v.

Michael Quoc Anh NGUYEN, Appellant.

No. 94–1804.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 10, 1994.

Decided Jan. 27, 1995.

Mike DeGeurin, Houston, TX, argued for appellant.

Kenneth Wayne Saffold, Minneapolis, MN, argued for appellee.

Before MAGILL, Circuit Judge, HEANEY, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Michael Quoc Anh Nguyen was engaged in an illegal interstate gambling enterprise. Nguyen moved to suppress the government's wiretapping evidence, gathered pursuant to three wiretap orders and two extensions of those orders, and Magistrate Judge J. Earl Cudd concluded in his Report and Recommendation ("Report") that the motion should be denied. Nguyen failed to file objections, and the district court adopted the Report.[1] Pursuant to a plea agreement, Nguyen pleaded guilty to two counts of a thirty-three count indictment: count 1, conspiracy under 18 U.S.C. § 371, and count 29, money laundering under 18 U.S.C. § 1956(a)(1)(A)(i). Count 1 carried a guideline range of 12–18 months, and count 29 carried a guideline range of 46–57 months. The district court sentenced Nguyen to 46 months as to each count. Nguyen appeals the propriety of the wiretapping and his sentence.

## I.

Nguyen challenges the propriety of the government's wiretapping on four grounds. First, he asserts that the application for the wiretap failed to describe with particularity the calls the government intended to intercept. The statute requires that the application provide "a particular description of the type of communications sought to be intercepted." 18 U.S.C. § 2518(1)(b)(iii). The application in this case stated that the government expected to hear evidence of extension of credit under threat of violence, the use of extortionate means to obtain repayment of gambling debts, and the transmission of interstate calls conveying wagering information. Such a list of specific conduct expected to be heard satisfies Eighth Circuit law. *See United States v. Leisure*, 844 F.2d 1347, 1357 (8th Cir.), *cert. denied*, 488 U.S. 932, 109 S.Ct. 324, 102 L.Ed.2d 342 (1988).

Second, Nguyen maintains that the wiretaps were not necessary. The application must include a "full and complete statement as to whether or not other investigative procedures have been tried and failed or why

---

1. The Honorable Paul Magnuson, United States District Judge for the District of Minnesota.

they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). In other words, the wiretap must not be the initial step in the investigation. *United States v. Macklin*, 902 F.2d 1320, 1326–27 (8th Cir.1990). As stated in the wiretap application, the defendants were believed to be a tight-knit group which would be difficult for an undercover officer to penetrate. The defendants were believed to be dangerous since informants feared for their lives. In addition, the crimes here were conducted almost entirely over the telephone and fax machine and would be difficult to document by means other than a wiretap. The government had tried using pen registers, confidential informants, surveillance, and garbage searches before applying for a wiretap. We find that the wiretap was not the initial step in the investigation.

■ Third, Nguyen argues that the subsequent wiretap applications did not report the results of prior interceptions. This argument is baseless because the applications for extensions of the telephone wiretaps include statements "setting forth the results thus far obtained from the interception, or a reasonable explanation of the failure to obtain such results." 18 U.S.C. § 2518(1)(f).

■ Fourth, Nguyen avers that the wiretaps continued after obtaining their objective. Wiretapping "must terminate upon attainment of the authorized objective ..." 18 U.S.C. § 2518(5). The government justified the wiretap extensions on the grounds that the agents needed time to learn the extent of the conspiracy. Nguyen speculates that the non-wiretap evidence that the government collected was sufficient to ascertain the scope of the conspiracy. The Magistrate concluded, however, that the government had not accomplished the goals of its investigation—the determination of the scope of the illegal gambling operation and identification of the participants—before applying to extend the wiretap. Report at 35–36. The court does not find any error with this conclusion of fact. A wiretap may be lawfully extended where the investigating officers had not yet learned of the extent of the conspiracy and the identity of the coconspirators. *United*

*States v. Brown*, 941 F.2d 656, 659 (8th Cir. 1991).

## II.

■ Nguyen presents two issues under the sentencing guidelines. As to the money laundering count, Nguyen argues that he was sentenced under the wrong guideline because he was primarily engaged in gambling rather than money laundering. Nguyen was sentenced under U.S.S.G. § 2S1.1, which applies to money laundering. He avers, however, that he should have been sentenced under U.S.S.G. § 2E3.1, which applies to gambling. The argument fails. Nguyen acknowledged in the plea agreement that section 2S1.1 would apply at sentencing for the money laundering offense. A defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal. *United States v. Durham*, 963 F.2d 185, 187 (8th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 662, 121 L.Ed.2d 587 (1992); *United States v. Fritsch*, 891 F.2d 667, 668 (8th Cir.1989). Nguyen merely received what he had bargained for. Section 2S1.1, moreover, is the correct guideline for the crime to which Nguyen pleaded. *See* U.S.S.G., App. A.

■ As to the gambling count, the court mistakenly imposed imprisonment "for a term of 46 months as to each count to run concurrently with each other." Count 1 carried a guideline range of 12–18 months, and count 29 carried 46–57 months. These two counts were grouped together under U.S.S.G. § 3D1.2(b). Section 3D1.3(a) requires the district court to impose a sentence "for the most serious of the counts comprising the Group, *i.e.*, the highest offense level of the counts in the Group." In effect, the district court did just that, but attributed a higher range to count one than it deserved. In light of this court's affirmance of the 46–month sentence as to money laundering, the error is harmless and no remand is necessary. *See Williams v. United States*, 503 U.S. 193, 200–05, 112 S.Ct. 1112, 1120–21, 117 L.Ed.2d 341 (1992).

Nguyen asserts that the Sentencing Commission is considering lowering the offense level for money laundering under section

2S1.1. If so, Nguyen might in the future be entitled to a reduction of his sentence. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10. Until such time as Nguyen merits such a reduction, however, any miscalculation as to his gambling sentence is not ripe for adjudication. If Nguyen is entitled to a reduction in sentence on the money laundering count under future revised guidelines, he may choose to make a motion before the district court. *See* 18 U.S.C. § 3582(c)(2). He may then also move the district court to correct the combined sentence. *See* 28 U.S.C. § 2255.

For the foregoing reasons, the judgment of the district court is affirmed.

## ORDER

The petition for rehearing is granted and the previous opinion in this case is withdrawn. The judgment of the trial court is affirmed for the reasons stated in the substituted opinion.