# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————

No. 99-1399

————

United States of America,

        Appellee,

v.

Noe Lopez-Valdez,

        Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Southern District of Iowa.
\*
\* [UNPUBLISHED]
\*

————

Submitted: April 7, 2000
Filed: April 12, 2000

————

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

————

PER CURIAM.

Noe Lopez-Valdez pleaded guilty to being found in the United States without the Attorney General's consent, after having been convicted of a felony and deported, in violation of 8 U.S.C. § 1326(b). The district court[1] sentenced him to 60 months imprisonment and 3 years supervised release. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising two issues: (1) that Lopez-Valdez's guilty plea was not knowing and voluntary because during the change-of-plea

———————

[1]The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

hearing he expressed dissatisfaction with his counsel, and was reluctant to admit that he had previously been deported, one of the elements of the charged offense; and (2) that the district court violated the Ex Post Facto Clause by counting his 1991 Texas conviction for burglary of a motor vehicle and his 1992 Texas conviction for aggravated assault as aggravated felonies for purposes of an enhancement under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (1998).

We will not consider the voluntariness of Lopez-Valdez's guilty plea because he did not present this issue to the district court. See United States v. Arps, 197 F.3d 1202, 1203 (8th Cir. 1999) (per curiam). We conclude Lopez-Valdez has waived any objection to his 60-month sentence by entering into a sentencing stipulation which would result in that very sentence. See United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995). We also conclude the ex post facto argument lacks merit as the district court sentenced Lopez-Valdez for the offense of illegal reentry, not for burglary or assault. See United States v. Baca-Valenzuela, 118 F.3d 1223, 1231 (8th Cir. 1997).

In accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we have reviewed the record for any nonfrivolous issues and have found none.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-