# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2794

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Melissa Johanna Loyd, | * |
| | * |
| Appellant. | * |


_____

No. 99-2808

_____

| | | |
|---|---|---|
| | | Appeals from the United States |
| | | District Court for the District of |
| United States of America, | * | Minnesota. |
| | * | |
| Appellee, | * | [UNPUBLISHED] |
| | * | |
| v. | * | |
| | * | |
| Katherine Tatrice Shanklin, also | * | |
| known as Katherine Tatrice Loyd, | * | |
| | * | |
| Appellant. | * | |

_____

No. 99-2811

_____

United States of America,　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　*
　　　　　　　　　　　　　　　　*
　　v.　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　*
Gregory Hopkins,　　　　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　Appellant.　　　　*

_____

No. 99-2813

_____

United States of America,　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　*
　　　　　　　　　　　　　　　　*
　　v.　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　*
Betty Lee Loyd, also known as　　*
Betty Hopkins,　　　　　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　Appellant.　　　　*

_____

Submitted: June 13, 2000

Filed: June 29, 2000

_____

-2-

Before WOLLMAN, Chief Judge, FAGG and BOWMAN, Circuit Judges.

_____

PER CURIAM.

After being charged with operating a check forgery ring, Melissa Johanna Loyd pleaded guilty to one count of conspiring to commit bank fraud and Gregory Hopkins, Betty Lee Loyd, and Katherine Tatrice Shanklin each pleaded guilty to one count of conspiring to launder money. The appellants now challenge their sentences, and we affirm.

We reject Melissa Loyd's contention that the district court committed error in including 150 hours of home detention as part of her supervised release because, in her plea agreement, Loyd knowingly and voluntarily waived the right to appeal this condition of her sentence. See United States v. Brown, 148 F.3d 1003, 1012 (8th Cir. 1998), cert. denied, 525 U.S. 1169 (1999). We also reject Hopkins's groundless challenge to his fifty-seven month sentence because Hopkins agreed in his plea agreement that the applicable guideline range was fifty-seven to seventy-one months and "[a] defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal." United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995). For the same reason, we reject Betty Lee Loyd's claim that the district court should have applied the bank fraud guideline in sentencing her – Loyd acknowledged in her plea agreement that the money laundering guideline would apply at sentencing. See id.

Contrary to Shanklin's view, the district court did not commit clear error in finding Shanklin recruited and used minors in furtherance of the conspiracy. Shanklin also argues that the only evidence of her use of minors involved an incident in July 1994 and that application of the use of minors sentencing enhancement, which became effective in November 1995, thus violated the Ex Post Facto Clause. We disagree. Shanklin pleaded guilty to a money laundering conspiracy that ended in January 1997

and we have held that "applying the Sentencing Guidelines to a conspiracy that straddles the Sentencing Guidelines' effective date is not violative of the ex post facto clause. . . . [Instead,] it is the completion date of the [conspiracy] offense that controls the version of the Sentencing Guidelines to be applied." United States v. Cooper, 35 F.3d 1248, 1251 (8th Cir. 1994).

We thus affirm the appellants' sentences. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.