# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2469MN

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | On Appeal from the United |
| | * | States District Court |
| v. | * | for the District of |
| | * | Minnesota. |
| Efrain Guzman-Villacana, also known | * | |
| as Jose Franco Mendoza, also known | * | [Not To Be Published] |
| as Piedad Ramirez-Reynoso, Jr., | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: July 31, 2000

Filed: August 7, 2000

_____

Before RICHARD S. ARNOLD, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Efrain Guzman-Villacana pleaded guilty of illegally re-entering the United States after deportation, having previously been convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(b)(2). The District Court[1] sentenced him to five years and

_____

[1]The Hon. Richard H. Kyle, United States District Judge for the District of Minnesota.

three months (sixty-three months) imprisonment, and two years supervised release. On appeal, his counsel has filed a brief and moved to withdraw pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), and with our permission, Guzman-Villacana has filed a pro se supplemental brief.

Counsel argues that U.S. Sentencing Guidelines Manual § 2L1.2 (1998) conflicts with 8 U.S.C. § 1326. The Guidelines punishment ratio is much higher than the statutory punishment ratio for offenders with aggravated-felony convictions relative to offenders without aggravated-felony convictions, the argument goes, and the Guideline is therefore invalid. We conclude that this challenge is foreclosed by the plea agreement, in which Guzman-Villacana agreed to the application of section 2L1.2 and the resulting punishment. See <u>United States v. Nguyen</u>, 46 F.3d 781, 783 (8th Cir. 1995). Even had the issue been preserved, counsel's argument lacks merit.

In his pro se supplemental brief, Guzman-Villacana argues that his counsel should have requested, and the District Court should have granted, a downward departure based on certain disadvantages he suffers due to his alienage and deportable status. We conclude that the Court did not plainly err in failing to grant an unrequested downward departure, see <u>United States v. Montanye</u>, 996 F.2d 190, 192 (8th Cir. 1993) (en banc) (standard of review), and that counsel's failure to request such a departure should be presented in 28 U.S.C. § 2255 proceedings, see <u>United States v. Martin</u>, 59 F.3d 767, 771 (8th Cir. 1995).

We have reviewed the record independently pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and we have found no nonfrivolous issues. Accordingly, we affirm, and we grant counsel's motion to withdraw.

A true copy.

Attest:

   CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.