# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2749

_____

United States of America,

        Appellee,

v.

Francisco De Dios-Samaniego,

        Appellant.

\* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
Western District of Arkansas.

**[UNPUBLISHED]**

_____

Submitted:  June 6, 2001
Filed: June 11, 2001

_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Francisco De Dios-Samaniego pleaded guilty to one count of attempting to possess with intent to distribute an unspecified amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; although prior to sentencing he argued that he should be held accountable for only 493.9 grams of a mixture of methamphetamine, at sentencing he agreed that he had possessed 96.8 grams of pure methamphetamine. The district court[1] sentenced him to 120 months imprisonment, the

_____

[1]The HONORABLE JIMM LARRY HENDREN, Chief Judge, United States District Court for the Western District of Arkansas.

mandatory minimum sentence under section 841(a)(1) for the drug quantity to which he had agreed. On appeal, De Dios-Samaniego argues the district court violated Apprendi v. New Jersey, 530 U.S. 466 (2000), because his indictment did not specify the quantity of methamphetamine or whether it was a mixture or pure substance; he also contends he should have been subject to the 5-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B)(viii).

Having carefully reviewed the record, we conclude the district court did not err in sentencing De Dios-Samaniego, as his sentence fell within the statutory maximum sentence for an unspecified-quantity methamphetamine offense. See 21 U.S.C. § 841(b)(1)(C); United States v. Aguayo-Delgado, 220 F.3d 926, 934 (8th Cir. 2000) (sentences within statutory range authorized by § 841(b)(1)(C) without reference to drug quantity are permissible under Apprendi even where drug quantity is not charged in indictment). In addition, he agreed in his plea agreement that he was subject to a 10-year minimum sentence, and agreed at sentencing that he had possessed 96.8 grams of pure methamphetamine. See United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) ("defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal").

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-