# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1394

_____

United States of America,        *
                                         *

        Appellee,        *

                                         *    Appeal from the United States

        v.              *    District Court for the Southern

                                       *    District of Iowa.

Gregorio Barberena-Martinez, also    *      [UNPUBLISHED]
known as Jose Antonio Lopez-Garcia,    *

                                         *

        Appellant.       *

_____

Submitted:  October 18, 2002
Filed:  October 23, 2002

_____

Before McMILLIAN, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Gregorio Barberena-Martinez (Barberena) pleaded guilty to one count of conspiring to distribute in excess of 500 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846.  In their Federal Rule of Criminal Procedure 11(e)(1)(C) plea agreement, the parties stipulated to a sentence of 151 months imprisonment.  Under a second plea agreement, Barberena waived indictment and pleaded guilty to an information charging him with unlawfully reentering the United States following deportation after a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2).  At a combined

sentencing, the district court[1] accepted the Rule 11(e)(1)(C) plea agreement and imposed concurrent sentences of 151 months imprisonment on the drug charge and 41 months imprisonment on the reentry charge, to be followed by concurrent supervised release terms of 5 years and 2 years respectively. Barberena's counsel has moved to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), which we construe as raising a general challenge to the sentences imposed. Barberena has filed a pro se supplemental brief in which he argues that he was denied effective assistance of counsel and that his drug sentence violates <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). We affirm.

We reject the sentencing arguments because Barberena may not challenge on appeal the 151-month drug sentence to which he stipulated, <u>see</u> <u>United States v. Nguyen</u>, 46 F.3d 781, 783 (8th Cir. 1995), and he provides no basis for challenging the concurrent 41-month illegal-reentry sentence nor do we see any basis for doing so. Further, Barberena's ineffective-assistance claim is not properly brought in this direct criminal appeal. <u>See</u> <u>United States v. Cain</u>, 134 F.3d 1345, 1352 (8th Cir. 1998).

Having found no nonfrivolous issues following our independent review of the record in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we affirm, and we grant counsel's motion to withdraw.

---

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

A true copy.

Attest:

    CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.