# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2357

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Ramon Calles-Abrego, | * | **[UNPUBLISHED]** |
| | * | |
| Appellant. | * | |

_____

Submitted: December 4, 2002
Filed: December 12, 2002

_____

Before LOKEN, FAGG, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Ramon Calles-Abrego pleaded guilty to one count of possessing with intent to distribute more than 50 grams of a substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The district court[1] sentenced him to 120 months imprisonment (the statutory minimum) and 5 years supervised release. The court imposed, as a special condition of supervised release, the requirement that Calles-Abrego comply with Immigration and Naturalization Service rules and not reenter the United States illegally, and report to the nearest U.S. Probation Office within 72

_____

[1]The HONORABLE DAVID S. DOTY, United States District Judge for the District of Minnesota.

hours of any reentry during his supervised release. On appeal, counsel has moved to withdraw and has filed a brief in conformance with <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the 120-month sentence was unreasonable and the supervised-release condition violated Calles-Abrego's Fifth Amendment right against self-incrimination. As neither of these arguments was raised below, our review is for plain error. <u>See</u> <u>United States v. Sun Bear</u>, 307 F.3d 747, 750 (8th Cir. 2002).

We conclude that the district court did not plainly err in imposing the 120-month sentence, because the unobjected-to drug quantity in the presentence report required imposition of the 10-year statutory minimum. <u>See</u> 21 U.S.C. § 841(b)(1)(A); U.S.S.G. § 5G1.1(c)(2). Nor did the court plainly err in imposing the supervised-release condition. <u>See</u> <u>United States v. Aguilar</u>, 129 F.3d 122, 1997 WL 636619 (8th Cir. Oct. 10, 1997) (unpublished per curiam) (finding no plain error in imposition of same supervised-release condition). Moreover, having reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues.

Accordingly, we grant counsel's motion to withdraw, and we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.