# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1399
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Reut Bustos-Hernandez, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  December 13, 2002

Filed:  December 18, 2002

_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and RILEY, Circuit Judges.

_____

PER CURIAM.

Reut Bustos-Hernandez pleaded guilty to conspiring to distribute and possess with intent to distribute more than 500 grams of a substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and the district court[1] sentenced him to 70 months of imprisonment and 3 years of supervised release.  On appeal, counsel has moved to withdraw under Anders v. California, 386 U.S. 738 (1967), and has filed a brief arguing that the sentence

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

exceeds what is reasonable for a first-time offender with a minor role in the offense, and that a condition of supervised release requiring Bustos-Hernandez to report to the United States Probation Office if he reenters the United States after being deported violates his Fifth Amendment right against self-incrimination.

Bustos-Hernandez is foreclosed from challenging the length of his sentence, as he was sentenced within the Guidelines range to which he stipulated in his plea agreement.  See United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) (defendant who explicitly and voluntarily exposes himself to specific sentence may not challenge that punishment on appeal).  We further find that the district court's imposition of the supervised-release condition, which Bustos-Hernandez did not challenge below, was not plain error.  See United States v. Sun Bear, 307 F.3d 747, 750 (8th Cir. 2002) (argument not raised below is reviewed for plain error); United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (to be "plain," error must be "clear under current law").

Following our independent review, see Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues.  Accordingly, the judgment is affirmed.  We also grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-