# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 02-2970

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Thomas R. Hunter, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 6, 2003

Filed: February 11, 2003

_____

Before BOWMAN, WOLLMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Thomas Hunter pleaded guilty to knowingly possessing a firearm transported in interstate commerce after he had been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). His sentence was enhanced under the Armed Career Criminal Act, 18 U.S.C. § 924(e), based on three prior violent felony convictions, and the district court[1] sentenced him to 180 months of imprisonment and 5 years of supervised release. On appeal, counsel has moved to withdraw under

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

<u>Anders v. California</u>, 386 U.S. 738 (1967), and has filed a brief raising the issue whether two of Hunter's prior convictions--a 1984 burglary conviction and a 1974 robbery conviction--qualified as violent felonies when he committed the underlying crimes. Hunter has filed a pro se supplemental brief, in which he joins counsel in making this argument, and also argues that the burglary conviction did not present a serious risk of physical injury, the robbery conviction should not have been used as a predicate offense because his civil rights had been restored, and the firearms underlying the instant conviction did not travel in interstate commerce.

We find that Hunter is foreclosed from challenging the length of his sentence. He stipulated in his plea agreement that the proper sentence was 180 months under section 924(e) and the Guidelines; he did not file written objections to the presentence report, which recommended a sentence of 180 months; and his counsel conceded at sentencing that the court was limited to imposing a 180-month sentence. <u>See</u> <u>United States v. Nguyen</u>, 46 F.3d 781, 783 (8th Cir. 1995) (defendant who explicitly and voluntarily exposes himself to specific sentence may not challenge that punishment on appeal). As to the challenge to his conviction, the felon-in possession indictment to which Hunter pleaded guilty stated that all of the firearms had been transported in interstate commerce.

Following our independent review, <u>see</u> <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

-2-