# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3575

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Antonio Villanueva-Basurto, also | * | |
| known as Antonio Basurto Villanueva, | * | **[UNPUBLISHED]** |
| also known as Miguel Rivera Monrroy, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 5, 2003
Filed: May 9, 2003

_____

Before LOKEN, Chief Judge, MORRIS SHEPPARD ARNOLD, and SMITH, Circuit
Judges.

_____

PER CURIAM.

Antonio Villanueva-Basurto pleaded guilty to illegal reentry after deportation following conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), and the district court[1] sentenced him to 41 months imprisonment. On appeal, counsel moved to withdraw under Anders v. California, 386 U.S. 738 (1967), and filed a brief

_____

[1]The HONORABLE JAMES M. ROSENBAUM, Chief Judge, United States District Court for the District of Minnesota.

raising one argument: that application of 8 U.S.C. § 1326(b)'s enhanced penalties for deportation after conviction for an aggravated felony violates the Sixth Amendment. In a pro se supplemental brief, Villanueva-Basurto argues that his sentence is unfair, because he did not know he was breaking the law by returning to the United States and his family needs him.

We reject both arguments. First, we previously have held that the penalties in section 1326(b) do not violate the Sixth Amendment. See United States v. Kempis-Bonola, 287 F.3d 699, 701-02 (8th Cir.), cert. denied, 123 S. Ct. 295 (2002). Second, this court does not review the extent of the district court's downward departure, see United States v. McFarlane, 309 F.3d 510, 516 (8th Cir. 2002), and in any event, Villanueva-Basurto stipulated in his plea agreement to a sentence greater than the one he received, see United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995).

Further, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues.

Accordingly, we grant counsel's motion to withdraw, and we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.