# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3757

_____

United States of America,       *
     *
        Appellee,      *
     *    Appeal from the United States
    v.      *    District Court for the
     *    District of Minnesota.
Ramiro Cabrera Basurto,      *
     *      [UNPUBLISHED]
        Appellant.      *

_____

Submitted: June 26, 2003
Filed: July 1, 2003 (Corrected: 07/08/03)

_____

Before WOLLMAN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Ramiro Cabrera Basurto pleaded guilty to distributing 50 grams or more of a methamphetamine mixture, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). The district court[1] sentenced him to 46 months imprisonment and 3 years supervised release. On appeal, counsel has filed a brief and moved to withdraw under Anders v. California, 386 U.S. 738 (1967), and Basurto has not filed a supplemental brief.

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

Counsel argues that Basurto's sentence was unreasonable considering his crime, and that a supervised release condition requiring Basurto to report to a probation office upon reentering the United States violates his Fifth Amendment right against self-incrimination. As neither of these arguments was raised below, our review is for plain error. See United States v. Sun Bear, 307 F.3d 747, 750 (8th Cir. 2002), cert. denied, 71 U.S.L.W. 3758 (U.S. June 9, 2003) (No. 02-9418). We reject counsel's first argument because Basurto was sentenced within the Guidelines range corresponding to the Guidelines calculations to which he stipulated in his plea agreement. See United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) (defendant who explicitly and voluntarily exposes himself to specific sentence may not challenge that punishment on appeal). Nor did the court plainly err in imposing the supervised release condition. See United States v. Calles-Abrego, 52 Fed. Appx. 320, 321 (8th Cir. Dec. 12, 2002) (unpublished per curiam) (finding no plain error in imposition of same condition).

Having carefully reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.