# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1843

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Curtis R. Brye, Jr., | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:   December 29, 2003

Filed:   January 5, 2004

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Curtis R. Brye, Jr., pleaded guilty to conspiring to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846; and a related forfeiture count. The district court[1] sentenced him to 168 months imprisonment and 5 years supervised release, and he appeals.

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

Mr. Brye argues that the government's refusal to seek a substantial-assistance downward departure was irrational, arbitrary, and in bad faith; his guilty plea was involuntary, unknowing, and unintelligent because it was induced by the government's promise to seek a departure; the sentence was cruel, unusual, and excessive; there was no real evidence to establish the drug quantity attributed to Mr. Brye; his criminal history was overstated; and the court failed to state its reasons for the sentence.

After careful review of the record, we conclude that the district court did not err in refusing to compel the government to file a substantial-assistance departure motion as Mr. Brye has not shown the government's refusal was unconstitutionally motivated or irrational. See Wade v. United States, 504 U.S. 181, 186 (1992). We also conclude that the district court did not otherwise err in sentencing Mr. Brye: his involuntary-plea argument is not supported by the facts; his sentence was within the applicable Guidelines range, see United States v. Foote, 920 F.3d 1395, 1401 (8th Cir. 1990), cert. denied, 500 U.S. 946 (1991); the court's drug-quantity determination was based on stipulations in the plea agreement, see United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995); and the criminal history calculation rested on unobjected-to convictions listed in the presentence report, see United States v. Beatty, 9 F.3d 686, 690 (8th Cir. 1993). Finally, even assuming the district court failed to state its reasons for the sentence, we conclude this omission was harmless as the record supports that the court considered the relevant factors in selecting a sentence at the bottom of the applicable Guidelines range. See Fed. R. Crim. P. 52(a) (any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded).

Accordingly, we affirm.

_____