# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1246

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Hector Curiel-Galindo, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 21, 2005
Filed: September 27, 2005

_____

Before MELLOY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Hector Curiel-Galindo pleaded guilty to illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a), (b)(2). In a written plea agreement under Federal Rules of Criminal Procedure 11(c)(1)(C) (authorizing parties to stipulate to specific sentence; stipulation binds court once it accepts plea agreement), the parties agreed Curiel-Galindo should be sentenced to 6 months in prison for the violation. After accepting Curiel-Galindo's guilty plea and plea agreement, the district court[1] sentenced him to 6 months imprisonment and 3 years supervised release. On appeal,

_____

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

counsel has moved to withdraw and filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that Curiel-Galindo's 6-month sentence is unreasonable.

We find that Curiel-Galindo cannot properly challenge his sentence because he stipulated in his plea agreement to a sentence of 6 months. <u>See</u> <u>United States v. Nguyen</u>, 46 F.3d 781, 783 (8th Cir. 1995) (defendant who explicitly and voluntarily exposes himself to specific sentence may not challenge that punishment on appeal).

Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U. S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we affirm, and we also grant counsel's motion to withdraw.

_____