# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 04-4039

————————

United States of America,

      Appellee,

v.

Ramon Humberto Gaspar-Hernandez,

      Appellant.

\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Nebraska.
\*
\*      [UNPUBLISHED]
\*
\*

————————

Submitted: September 28, 2005
Filed: September 30, 2005

————————

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

————————

PER CURIAM.

Gaspar-Hernandez (Hernandez) appeals the sentence the district court[1] imposed after he pled guilty to a drug charge. Pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, the court sentenced Hernandez to 121 months' imprisonment and 5 years' supervised release. Hernandez's counsel moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred by not granting safety-valve relief and sentencing

———————————

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

Hernandez to the low end of the resulting Guidelines range of 108-135 months' imprisonment.

Hernandez, however, cannot challenge the sentence to which he stipulated in his Rule 11(c)(1)(C) plea agreement because he voluntarily exposed himself to a specific punishment. See United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) (stating "defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal") (citations omitted).

Further, having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____