# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-3595

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Eunicio Torres-Hernandez, | * | District of Nebraska. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

———————

Submitted: January 26, 2006
Filed: February 24, 2006

———————

Before MURPHY, HANSEN, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Eunicio Torres-Hernandez pleaded guilty to conspiring to distribute and possess with intent to distribute 500 grams or more of methamphetamine mixture, in violation of 21 U.S.C. § 846. The parties had agreed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that Torres-Hernandez was responsible for at least 5 kilograms but less than 15 kilograms of methamphetamine. Finding him responsible for 9.52 kilograms, the district court[1] sentenced Torres-Hernandez to 108 months in prison and 5 years of supervised release. On appeal, his counsel has moved

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the government failed to establish that Torres-Hernandez distributed 9.52 kilograms of methamphetamine during the period of the conspiracy alleged in the indictment.

We hold that Torres-Hernandez cannot challenge a drug-quantity finding that falls within the range to which he stipulated under Rule 11(c)(1)(C) in his plea agreement. <u>See</u> <u>United States v. Nguyen</u>, 46 F.3d 781, 783 (8th Cir. 1995) (defendant who explicitly and voluntarily exposes himself to specific sentence may not challenge that punishment on appeal). Further, having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we have found no other nonfrivolous issue. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____