# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1807

_____

United States of America,　　　　　　\*

　　　　　Appellee,　　　　　　　　\*

　　　　　　　　　　　　　　　　\*　Appeal from the United States
　　　v.　　　　　　　　　　　　\*　District Court for the
　　　　　　　　　　　　　　　　\*　Northern District of Iowa.
Rafael Lopez-Ramirez, also known as　\*
David Gallegos, also known as Rapha,　\*　[UNPUBLISHED]
　　　　　　　　　　　　　　　　\*
　　　　　Appellant.　　　　　　　\*

_____

Submitted: April 7, 2006
Filed: April 12, 2006

_____

Before ARNOLD, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Rafael Lopez-Ramirez (Ramirez) pleaded guilty to conspiring to distribute and possess with intent to distribute cocaine, amphetamine, marijuana, and a methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C), and 846. At sentencing, the parties agreed that Ramirez's advisory Guidelines imprisonment range, based on a total offense level of 27 and a Category I criminal history and after safety-valve relief, was 70-87 months. Ramirez's counsel indicated that Ramirez was not seeking a variance from that range and asked for a 70-

month sentence. The district court[1] sentenced Ramirez to 70 months' imprisonment and 5 years' supervised release. On appeal, different counsel for Ramirez has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court plainly erred in failing to consider all of the 18 U.S.C. § 3553(a) factors before imposing sentence.

We conclude that, because Ramirez agreed to the underlying Guidelines calculations and specifically requested the 70-month prison term, he may not challenge his sentence on appeal. See United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) ("A defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal."); see also United States v. Mickelson, 433 F.3d 1050, 1056 (8th Cir. 2006) (defendant's stipulation to total offense level and to specific Guidelines range and his counsel's request for sentence within stipulated-to range "may be interpreted as an acknowledgment that any sentence within the range would have been reasonable").

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.