# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1187

_____

United States of America

*Plaintiff - Appellee*

v.

Jesus Guadalupe Herrera Machaca

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: September 4, 2015
Filed: September 10, 2015
[Unpublished]

_____

Before SHEPHERD, BYE, and KELLY, Circuit Judges.

_____

PER CURIAM.

Jesus Guadalupe Herrera Machaca appeals the below-Guidelines-range sentence that the district court[1] imposed after he pleaded guilty to a federal drug

_____

[1]The Honorable John R. Tunheim, Chief Judge, United States District Court for the District of Minnesota.

conspiracy charge. His counsel has moved to withdraw, and in a brief filed under Anders v. California, 386 U.S. 738 (1967), counsel challenges the substantive reasonableness of the sentence, and also states that appellant wishes to challenge the district court's Guidelines calculations on drug quantity and role in the offense.

Upon careful review, we conclude that the sentence is not substantively unreasonable. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (abuse-of-discretion review); see also United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009). As to drug quantity and role in the offense, four days before the sentencing hearing, appellant withdrew his request for an evidentiary hearing on these matters in return for the government's agreement to a base offense level and role enhancement that defense counsel stipulated--in open court at sentencing--that the government could support with proof. Accordingly, we will not consider any drug-quantity or role challenge in this appeal. See United States v. Olano, 507 U.S. 725, 733 (1993); United States v. Nguyen, 46 F.3d 781, 783 (8th Cir.1995). Finally, having independently reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), and having considered Machaca's pro se supplemental brief, we conclude that there are no nonfrivolous issues for appeal.

Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____