# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1476

_____

United States of America

*Plaintiff - Appellee*

v.

Kenneth Ronald Jones

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: November 21, 2019
Filed: November 26, 2019
[Unpublished]

_____

Before SHEPHERD, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Kenneth Jones appeals after he pleaded guilty to sex trafficking offenses and the district court[1] sentenced him to an above-Guidelines prison term, as jointly

_____

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

recommended under the terms of his plea agreement. His counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence was unreasonable. Jones has filed a motion for appointment of new counsel and a pro se brief.

Upon careful review, we conclude that the district court did not impose a substantively unreasonable sentence. See United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (sentences are reviewed for substantive reasonableness under deferential abuse of discretion standard; abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors); United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) (defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal). The record establishes that the district court adequately considered the sentencing factors listed in 18 U.S.C. § 3553(a). See United States v. Wohlman, 651 F.3d 878, 887 (8th Cir. 2011) (court need not mechanically recite § 3553(a) factors, so long as it is clear from record that court actually considered them in determining sentence).

We also conclude that Jones's pro se arguments provide no basis for reversal. Specifically, the record shows Jones's plea was knowing and voluntary, see United States v. Andis, 333 F.3d 886, 890-91 (8th Cir. 2003) (en banc) (one important way district court can ensure plea agreement is knowing and voluntary is to question defendant about decision to enter into agreement); see also Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry strong presumption of verity); the district court did not err in ordering Jones pay restitution, see United States v. Frazier, 651 F.3d 899, 903-05 (8th Cir. 2011) (reviewing finding as to loss amount for clear error; sentencing court has discretion in determining how to value losses, but amount of restitution must be based on amount of loss actually caused by offense); cf. United States v. Adetiloye, 716 F.3d 1030, 1039 (8th Cir.

2013) (government may meet its burden of proof as to the loss amount by introducing testimony from an investigating officer); and, to the extent Jones attempts to assert ineffective assistance of counsel, we decline to address the claim in this direct appeal, see United States v. Hernandez, 281 F.3d 746, 749 (8th Cir. 2002) (generally, ineffective-assistance claim is not cognizable on direct appeal).

We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and we have found no non-frivolous issues for appeal. Accordingly, we affirm the judgment, grant counsel's motion to withdraw, and deny Jones's motion for counsel.

_____