United States Court of Appeals

For the Eighth Circuit

_____

No. 21-3014
_____

United States of America

*Plaintiff - Appellee*

v.

Daman Charles Julian

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: April 15, 2022
Filed: April 20, 2022
[Unpublished]
_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Daman Julian appeals after he pled guilty to a drug offense and the district court[1] imposed the sentence jointly recommended by the parties. His counsel has

---

[1]The Honorable Stephanie M. Rose, then United States District Judge for the Southern District of Iowa, now Chief Judge.

moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), questioning the substantive reasonableness of Julian's sentence. Julian has filed a pro se brief challenging his plea and sentence, and asserting that counsel was ineffective. He has also moved for appointment of new counsel.

To the extent Julian challenges the voluntariness of his plea, we conclude that argument is not cognizable on appeal, as Julian did not present it to the district court. *See United States v. Washington*, 515 F.3d 861, 864 (8th Cir. 2008) (explaining a claim the plea was involuntarily or unknowingly entered is not cognizable on direct appeal where defendant failed to present claim to district court by motion to withdraw guilty plea). We also conclude Julian may not challenge his sentence on appeal because he agreed to the district court's imposition of the sentence. *See United States v. Nguyen*, 46 F.3d 781, 783 (8th Cir. 1995) ("A defendant who explicitly and voluntarily exposes himself to specific sentence may not challenge that punishment on appeal."). Finally, we decline to decide Julian's claim that counsel was ineffective, as this claim is best addressed in collateral proceedings. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006).

After independently reviewing the record under *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we grant counsel leave to withdraw, deny Julian's motion for new counsel, and affirm.

_____